DALGARN et, Plaintiffs-Appellees, v. LEONARD et, Defendants-Appellants.

Ohio Appeals, Second District, Franklin County.

No. 4287. Decided September 16, 1949.

Joseph J. Poorman, Columbus, for plaintiffs-appellees.
Addison & Carpenter, James B. Yaw, Columbus, for defend-- ants-appellants.

## OPINION

By THE COURT.

This is an appeal on questions of law from a judgment rendered in favor of the plaintiffs by the Probate Court of Franklin County, Ohio, in an action for a declaratory judgment.

In their petition plaintiffs allege that Wallace W. Leonard and Josephine Leonard, now deceased, were husband and wife and that prior to their marriage they entered into an antenuptial agreement whereby it was agreed that neither party would inherit from the other, but that their respective property would descend by right of inheritance to the next of kin of said decedent as though said surviving spouse did not exist.

In their amended answer the defendants allege that the parties entered into an antenuptial contract and allege the the terms of said contract to be similar to the terms of the contract alleged in the petition except that defendants further allege that the parties agreed that the contract could be cancelled by mutual agreement. The plaintiffs filed a reply denying the new matter alleged in the answer.

Upon trial, after statements of counsels were made, plaintiffs rested without the introduction of any evidence. The defendants thereupon filed a motion to dismiss plaintiffs' petition for failure of proof. The first error assigned is the overruling of defendants' motion to dismiss. The trial court properly ruled that all the material allegations set forth in the petition were admitted in the answer and that the defendants carried the burden to prove cancellation. The allegation in the answer with respect to cancellation did not constitute the answer a general denial or set up a different contract which would be construed as a general denial of the allegations in the petition. The execution of the agreement having been admitted the law presumes the continued existence of the contract. The party claiming that the contract had been terminated carried the burden of proof on this issue.

We have examined the record carefully and find no error prejudicial to the appellants on the admission or exclusion of evidence.

The appellants contend that the judgment was contrary to the manifest weight of the evidence and was not sustained by sufficient evidence. The Court finds the evidence to be very unsatisfactory in support of the contention that the

agreement was cancelled by mutual consent of the parties. The trial court was required to rely on circumstantial evidence and draw inferences therefrom. This court may have decided the issue differently had it been sitting as a trial court, but this is not a sufficient reason on which to base a reversal on the weight of the evidence.

Finding no error in the record prejudicial to the appellants, the judgment is affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.