THE STATE OF OHIO *v.* KIRBY.

[Cite as State v. Kirby (1972), 34 Ohio Misc. 18.]

(No. 384130—Decided January 5, 1972.)

Municipal Court of Akron.

*Mr. Joseph Kodish*, city prosecutor, for plaintiff.
*Mr. James A. Rondy*, for defendant.

ROULHAC, J. This action concerns the filing of an affidavit charging defendant with furnishing an intoxicating beverage (beer) to a minor in violation of R. C. 4301.69, which reads as follows:

"No person shall sell intoxicating liquor to a person under the age of twenty-one years or sell beer to a person under the age of eighteen, or buy intoxicating liquor for, or furnish it to, a minor, or buy beer for or furnish it to, a person under the age of eighteen, unless given by a physician in the regular line of his practice, or by a parent or legal guardian."

On a plea of "not guilty," this case was tried to the court. The defense attorney's request to furnish a brief was granted. The court has reviewed all the testimony, has read defendant's brief, and has done some independent research.

The parties stipulate the following:

1. According to the state laboratory report, the alcohol content of the beer taken from the glass out of which Mrs. Leonard, the minor, was drinking was 3.4 percent.

2. Mrs. Leonard was then a minor over 18 years of age but not 21 years, and was legally married to Harris Leonard, a gentleman of full age.

On the day in question, defendant was a barmaid at the Hi-Lite Cafe located in Akron. Mr. Leonard, his wife, and another male, a Mr. Steele, were seated at the bar, in a group, as patrons. When a detective arrived, they were in the process of drinking "a round." Thereafter, another "round" was ordered. (An officer said Steele ordered the beer and Mrs. Leonard, testifying for the state, said: "My husband ordered the beer.") Mrs. Leonard was served beer by defendant.

There is great conflict in the testimony adduced. The court finds that the coolers at this cafe contained both "high-powered" and "low-powered" beer and that beer cases under and behind the bar contained empty bottles of both types. (After pouring Mrs. Leonard's beer, defendant placed the empty bottle in one of these cases.)

At the time the officers confiscated the beer, defendant protested that it was "3.2 beer" and Mr. Leonard told the officers it was "O. K., since Winna Mae was 18."

Defendant further testified that at a time previous to the date herein, she had specifically inquired concerning the age of Mrs. Leonard and that proof was given her (by Mrs. Leonard) that she was "over 18."

The above fact situation (assuming the beer served Mrs. Leonard was an intoxicating liquor) gives rise to the question of whether a legal spouse of full age is contemplated and was intended to be included by the legislature in enacting that part of the statute providing:

"* * * unless given by a physician in the regular line of his practice, *or by a parent or legal guardian.*" (Emphasis supplied.)

Had Mr. Leonard been a *legal guardian* of his wife, no violation of this section could be successfully prosecuted.

The intent of the legislature was to protect minors from being furnished intoxicating beverages by irresponsible persons, and at such times as there was no person present or available who was legally invested with the power, and charged with the duty of taking care of and acting for the best welfare of said minor.

Guardian is defined in Black's Law Dictionary (4th rev. ed. 1968) as follows:

"A guardian is a person lawfully invested with the power, and charged with the duty, of taking care of the person and managing the property and rights of another person, who, for some peculiarity of *status*, or defect of age, understanding, or self-control, is considered incapable of administering his own affairs."

One of the most intimate and cherished relationships existing in our society is that of husband and wife. They live together and are in a unique position to ascertain what is best for them and the well being of this relationship.

Our legislature, recognizing the important role played by the husband in the family, provides in R. C. 3103.02, as follows:

"*The Husband is the head of the family.* \* \* \*" (Emphasis supplied.)

Notice may be taken of the recent enacted legislation giving 18 year olds the right to vote and hold public office.

See *People* v. *Samwick* (1908), 127 N. Y. App. Div. 209, 111 N. Y. S. 11. Defendant was convicted of violating a statute prohibiting any person from allowing minor children of a certain age in places of entertainment injurious to their morals. That statute provided the exception: "unless accompanied by parent or guardian."

Reversing the conviction, Justice Gaynor observed at 210, 111 N. Y. S. at 12:

"The word guardian does not there mean a guardian appointed by a court. If children be sent or taken to the theater by a person other than one of their parents or their legal guardian—by their elder brother or sister, or by a neighbor or friend, for instance—he or she is their guardian for the time being within the meaning of the said statute, if not excluded in some way or for some reason by law."

To exclude a legal spouse of full age from the exceptions provided in this section would be a most narrow interpretation and one surely not intended by the legislature.

Defendant is found "not guilty" and is discharged.