The STATE of Ohio, Appellee,

v.

MIHM, Appellant.

[Cite as *State v. Mihm* (1994), 92 Ohio App.3d 242.]

Court of Appeals of Ohio,
Van Wert County.

No. 15-93-11.

Decided Jan. 26, 1994.

*Michael W. Kirkendall,* City Law Director, for appellee.

*Hatcher, Diller, Rice & Beebe* and *Eva J. Yarger,* for appellant.

HADLEY, Judge.

This is an appeal by defendant-appellant, James E. Mihm ("appellant") from the judgment of the Van Wert Municipal Court, finding him guilty of underage consumption of alcohol in violation of R.C. 4301.632, a misdemeanor in the first degree.

Appellant and the state[1] stipulated to the following facts:

"1.  James E. Mihm [appellant] is (a) resident in [sic] the State of Ohio, County of Van Wert and was born on June 1, 1974.

"2.  That Defendant was charged with violating ORC 4310.632, Underage Consumption, for consuming alcohol on or about June 23, 1993.

"3.  That Defendant did consume some alcohol at his home and home of his parents on or about June 23, 1993, and departed with some friends to attend a concert in Fort Wayne, Indiana.

"4.  At no time did Defendant consume any alcoholic beverage outside the confines of his parents home [sic] in the presence of his parents.

"5.  After attending the concert in Fort Wayne, Indiana, the vehicle in which Defendant was riding was stopped by the Van Wert Sheriff's Department and some of the occupants, including Defendant, were giving [sic] an alcohol test by the Portable Alcohol Test Unit, which disclosed that the Defendant had consumed some alcohol by giving an indication of a solid green light.

"6.  At the time that the vehicle was stopped, the Defendant was not with his parent or parents."

In addition to the above stipulations, appellant, in his brief, stated that he consumed the alcoholic beverages with his parent's permission.  As the state failed to file a brief in this matter, we are adopting appellant's facts as true and correct.  See App.R. 18(C).

Appellant pled "no contest" based upon the above stipulated facts and the trial court found him guilty.  The trial court then sentenced appellant to sixty days in jail (fifty suspended), two years' probation with a condition that he have weekly contact with the Alcohol Center for one year, and a fine of $400 with credit up to $200 paid for counselling.

It is from this judgment that appellant now timely appeals and asserts the following sole assignment of error.

## ASSIGNMENT OF ERROR

"The trial court erred in finding defendant-appellant guilty of underage consumption of alcohol."

Appellant asserts that the trial court could not find him guilty of underage consumption when he has an affirmative defense contained in R.C. 4301.69, offenses involving underage persons.

---

1.  The state did not file a brief in this matter.

R.C. 4301.632 states:

"Except as otherwise provided in this chapter, no person under the age of twenty-one years shall order, pay for, share the cost of, or attempt to purchase any beer or intoxicating liquor, or consume any beer or intoxicating liquor, either from a sealed or unsealed container or by the glass or by the drink, or possess any beer or intoxicating liquor, in any public or private place."

R.C. 4301.69 states:

"(A) Except as otherwise provided in this chapter, no person shall sell beer or intoxicating liquor to an underage person, or buy beer or intoxicating liquor for, or furnish it to, an underage person, unless given by a physician in the regular line of his practice or given for established religious purposes, or unless the underage person is accompanied by a parent, spouse who is not an underage person, or legal guardian."

The sole question presented on appeal is whether appellant's consumption of an alcoholic beverage with his parent's permission in the confines of his parent's residence is an affirmative defense to underage consumption when the minor has left the control of his parents. For the reasons below, we reverse the judgment of the trial court.

In *State v. Kirby* (1972), 34 Ohio Misc. 18, 61 O.O.2d 273, 292 N.E.2d 336, the trial court stated that the intent of the legislature in enacting the statute forbidding the sale or furnishing of alcoholic beverages to a minor except by a physician, parent or legal guardian was to protect minors from being furnished alcoholic beverages by irresponsible persons when there was not anyone present or available who was legally invested with the power and charged with the duty of taking care of and acting in the best interest of the minor.

R.C. 4301.69 does not prohibit a parent or legal guardian from furnishing alcoholic beverages to a minor. See *State v. Ellis* (1989), 64 Ohio App.3d 158, 167, 580 N.E.2d 1112, 1117.

Herein, there is no dispute that appellant only consumed the alcoholic beverage in his parents' residence with their permission. The trial court found that the affirmative defense was not applicable once the minor left the control of his parents. The trial court stated in its journal entry:

"The Court finds that the affirmative defense contained in the Ohio Revised Code 4301.69 of consuming or possessing alcohol while in the presence of a parent or legal guardian is waived when the underage youth removes himself from being in the presence and control of the parent or guardian. If such were not the case(,) this Defendant would have to be found Not Guilty under the stipulations. The Court finds that that [*sic*] such analysis would allow an under age [*sic*] youth

to consume to the point of being under the influence, leave his parent's control, go into the public, and not be in violation of any O.R.C. statute. * * * "

The trial court's reasoning that the affirmative defense is waived once a minor is no longer under the control of his parents is not persuasive. It is true that the minor could not be found guilty under R.C. Chapter 4301; however, the minor could be found guilty under other criminal statutes (*e.g.*, driving under the influence or public intoxication).

In order to find appellant guilty of underage consumption, the state needs to demonstrate that he consumed alcohol and that an affirmative defense is not applicable. The facts, herein, establish that appellant did not consume any alcohol outside the presence or permission of his parents. Therefore, the state has failed to establish that appellant consumed any alcoholic beverage outside the scope of the affirmative defenses contained in R.C. 4301.69. Consequently, the judgment of the trial court is reversed and this cause is hereby remanded to the trial court for dismissal of the charge.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT, J., concurs.

EVANS, P.J., dissents.

EVANS, Presiding Judge, dissenting.

I respectfully dissent because I believe the majority has misapplied App.R. 18(C) to support the holding in this case.

The appellant is charged with consumption of alcohol in violation of R.C. 4301.632. There is no question that appellant did in fact consume alcohol on the date in question. Thus, to avoid a finding of guilty, the appellant must establish one of the affirmative defenses set forth in R.C. 4301.69. In pertinent part this section provides that no person shall furnish beer or intoxicating liquor to an underage person unless it is given by a physician in his practice or given for religious purposes, or the underage person is accompanied by a parent.

The appellant attempted to establish the defense that the alcohol he consumed was furnished to him by his parents. A careful reading of the stipulation will reveal that the affirmative defense is not established. Stipulation No. 3 proves only that appellant consumed the alcohol in the home of his parents. The plain language of R.C. 4301.69 requires that a parent be present when the alcohol is furnished to the underage person. There is nothing in the statute that varies this requirement when the alcohol is furnished in the home of the parents. Under the statute it is essential that a parent be present when the alcohol is furnished to the

underage person if that affirmative defense is to be established. Since this essential fact is not in the stipulation,[2] I conclude that appellant has failed to establish his affirmative defense.

Appellant apparently recognized the deficiency in the stipulation and attempted to cure this flaw by stating in his brief that he consumed the alcohol with the permission of his parents. The majority accepts this additional fact under the authority of App.R. 18(C) and holds that the affirmative defense is established. This is not a proper application of the appellate rule. It is never proper to add facts to the record after the case has been decided in the trial court. This court must review the same record that was before the trial court when that court reached its decision. See *Phung v. Waste Mgt., Inc.* (1986), 23 Ohio St.3d 100, 102, 23 OBR 260, 261, 491 N.E.2d 1114, 1116.

App.R. 18(C) is not a license to add facts to the record at the appellate level. App.R. 16(A)(6) and 16(D) require the statement of facts in a brief to contain references to the record, indicating that the statement of facts must come from the evidence in the trial court. The purpose of App.R. 18(C) is to allow this court to accept the appellant's version of disputed facts presented in the trial court if the appellee neglects to file a brief. Thus, if there is a dispute in the facts in the trial court about which litigant had the green light in an intersection accident, this court could accept the appellant's version of the facts on that point under App.R. 18(C) if the appellee failed to file a brief. However, an appellate court may not assume the truth of assertions in a brief which are unsupported by the record. *Phung,* 23 Ohio St.3d at 102, 23 OBR at 261, 491 N.E.2d at 1116.

It is defendant's burden to establish his affirmative defense. Appellant failed to do this. Thus, although the wrong reason was assigned to support the finding of guilt, the trial court was correct in finding appellant guilty of the offense charged.

I would affirm the conviction and sentence of the trial court.

---

2. It is apparent that the majority has misconstrued the plain language of the stipulation. The parties agreed only that appellant consumed alcohol in his parents' home (stipulation No. 3), and that he did *not* consume alcohol outside the home in his parents' presence (stipulation No. 4). Nowhere is it stipulated that the alcohol which appellant admits consuming was consumed in his parents' presence, or with their permission, or that the alcohol was given to him by his parents. See R.C. 4301.69.