MATCHMAKER INTERNATIONAL, INC., Appellant,

v.

LONG, Appellee.

[Cite as *MatchMaker Internatl., Inc. v. Long* (1995), 100 Ohio App.3d 406.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 16784.

Decided Jan. 25, 1995.

*Stanley T. Koenig* and *Leslie Blair Graden,* for appellant.

*Holly Long, pro se.*

BAIRD, Judge.

This cause comes before the court upon the appeal of MatchMaker International, Inc. ("MatchMaker") from the judgment of the Akron Municipal Court in favor of Holly Long ("Long"). We reverse.

Long entered into a written agreement with MatchMaker on August 26, 1993, whereby Long agreed to pay MatchMaker $2,495 in exchange for certain social introductions. On the same date, Long issued a check to MatchMaker in the amount of $300 as a down payment. On the following day, Long stopped payment on the check.

On October 4, 1993, MatchMaker filed a complaint against Long for the full amount of the contract, plus interest. Long sent the trial court a copy of a letter she wrote to MatchMaker's counsel, dated October 21, 1993, along with a copy of a cancellation notice dated August 27, 1993, which Long alleged was sent to MatchMaker in compliance with R.C. 1345.43.[1] The court treated the letter and cancellation notice as an answer to MatchMaker's complaint.

The case was tried to the bench on March 1, 1994. Long admitted executing the agreement with MatchMaker, but alleged that she had cancelled the contract by delivering the cancellation notice to appellant within the time period set forth in R.C. 1345.43. MatchMaker presented evidence that it never received the cancellation notice until it was sent to its attorney after institution of suit.

The trial court found that Long signed the contract, but that the evidence presented by the parties on the cancellation issue was in equipoise and that MatchMaker had not met its burden of proving by a preponderance of the evidence that it was entitled to judgment. MatchMaker appeals, citing a single assignment of error:

"The trial court erred in concluding that where the evidence is equally balanced with respect to defendant Holly Long's affirmative defense of cancellation of a contract, MatchMaker International, Inc. has not met its burden of proof and defendant is entitled to judgment as a matter of law."

The cancellation of a contract is an affirmative defense to a claim that an obligation is owed pursuant to a contract. *Tom Harrigan Oldsmobile v. Desman, Inc.* (Mar. 5, 1981), Montgomery App. No. 6866, unreported, 1981 WL 2712. It is well settled in Ohio that the defendant asserting an affirmative defense has the burden of proof in establishing such defense. *Dykeman v. Johnson* (1910), 83 Ohio St. 126, 135, 93 N.E. 626, 628; *Gordon v. Mobile Diagnostic Serv.* (Dec. 7, 1988), Summit App. No. 13571, unreported, at 7, 1988 WL 133582. In order to prove cancellation of a contract, a defendant must establish such cancellation by a preponderance of the evidence. See *Dalgarn v. Leonard* (App.1949), 55 Ohio Law Abs. 405, 406, 90 N.E.2d 159, 160.

---

1. R.C. 1345.43 provides that the buyer of a prepaid entertainment contract has the right to cancel such contract until midnight of the third business day after the date on which the first services are available under the contract, unless such services are not available on the date the buyer signs the contract, in which event such time limit is extended to seven days.

Whether there was sufficient evidence presented at trial to support a finding of cancellation is a question to be determined by the trier of fact. *Steel Panel Bldg. Co. v. Maurer* (June 20, 1986), Wood App. No. WD–85–84, unreported, 1986 WL 7127. In the case *sub judice*, the trial court stated in its judgment entry that it had had an opportunity to see and hear the witnesses for each party and that each party's witnesses were credible. The trial court determined that the evidence for the parties was in equipoise but concluded, as a result, that MatchMaker had not met its burden of proving the agreement.

When MatchMaker introduced a copy of the written agreement, which Long admitted executing, MatchMaker met its burden of proving the existence of a contract. See *Dalgarn v. Leonard, supra.* The burden then shifted to Long to prove by a preponderance of the evidence that she had cancelled the agreement. The court's judgment entry indicates that she failed to do so.

Under the court's factual finding that the evidence was in equipoise, Long failed to prove by a preponderance of the evidence that she cancelled the agreement. "Preponderance of evidence" is defined as "evidence which is of greater weight or more convincing than evidence which is offered in opposition to it * * *." Black's Law Dictionary (6 Ed.1990) 1182. See, also, *State v. Stumpf* (1987), 32 Ohio St.3d 95, 102, 512 N.E.2d 598, 606. Long's evidence was found to be of weight equal to, not greater than, that of MatchMaker. Accordingly, the trial court wrongly applied the law in granting judgment to Long.

MatchMaker's assignment of error is sustained. The judgment of the trial court is reversed and this case is remanded for entry of judgment consistent with this opinion.

*Judgment reversed
and cause remanded.*

MILLIGAN and FARMER, JJ., concur.

JOHN R. MILLIGAN, J., retired, of the Fifth Appellate District, sitting by assignment.

SHEILA G. FARMER, J., of the Fifth Appellate District, sitting by assignment.