**The STATE of Ohio, Appellee,**

v.

**REED, Appellant.**

[Cite as *State v. Reed* (1998), 128 Ohio App.3d 520.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 96 CO 92.

Decided June 23, 1998.

*Sherill L. Liebschner*, Columbiana County Assistant Prosecuting Attorney, for appellee.

*Peter Horvath*, for appellant.

VUKOVICH, Judge.

This appeal arises from a judgment of the Columbiana County Southwest Area Court rendered on November 6, 1996, finding defendant-appellant, Matthew Reed, guilty of underage consumption of alcohol in violation of R.C. 4301.632, a misdemeanor in the first degree. For the following reasons, the judgment is affirmed.

## I. FACTS

On June 15, 1996, appellant, who was nineteen years old at the time, was given a six-pack of beer by his mother. Appellant may have consumed some of the beer while in the actual presence of his mother in her house. However, most of the beer was consumed by appellant while he was outside and in the company of some of his friends, but still on his mother's property.

At approximately 10:30 p.m., appellant's mother left for a trip to New York. After her departure, more people arrived at the Reed property. Many of them were uninvited and possessed alcoholic beverages. People were in the house and outside near a pavilion.

Complaints were made regarding the level of noise coming from the Reed property, and the sheriff's department responded. When two officers arrived at the Reed residence, many of the people fled into the woods. However, appellant stayed in the pavilion and spoke with one of the officers. Ultimately, appellant was one of two teenagers to be arrested for underage consumption of an alcoholic beverage after he admitted to the officer that he had consumed five or six beers.

Appellant pled not guilty at the arraignment, and a bench trial was held. At trial, the state presented two witnesses.

Deputy Sheriff Willie L. Coleman testified that he arrived at the Reed residence after Deputy Sheriff Steve Walker. He stated that there were beer cans scattered all over the property, that some were full, and that they were "laying [sic] everywhere." Deputy Coleman had no contact with appellant.

The state also presented the testimony of Deputy Sheriff Steve Walker, who initially responded to the call regarding a disturbance at the Reed property. Deputy Walker testified that he heard a loud party at the rear of the house. As he neared the pavilion, he observed beer cans and beer bottles lying about the area. He stated that there were between fifteen and twenty teenagers and young adults on the property, and most of them fled into a nearby wooded area after they saw him. Appellant remained in the pavilion. Deputy Walker did not testify that appellant was actually holding an alcoholic beverage container, but he said that there were alcoholic beverage containers all around appellant in the pavilion. Deputy Walker testified that as he spoke with appellant, he could smell a strong odor of an alcoholic beverage on appellant's breath. He asked appellant about the odor of alcohol, and appellant admitted that he had consumed five or six beers that night. Deputy Walker also discovered that appellant was nineteen years of age. Appellant was then placed under arrest for underage consumption of an alcoholic beverage. Deputy Walker testified that prior to the arrest, he questioned appellant regarding the whereabouts of his parents. Appellant informed him that they were out of town. On cross-examination, Deputy Walker stated that he never saw appellant actually drinking an alcoholic beverage, and he did not inquire into how long appellant's mother had been out of town.

Appellant relied upon R.C. 4301.69(E) as a defense to the charge of underage consumption of an alcoholic beverage and presented two witnesses in support of that defense. Appellant's mother, Karen Reed, testified that she had given appellant a six-pack of beer on June 15, 1996. She stated that she did not actually sit down with appellant while he was drinking the beer because she was packing for a trip to New York. However, Mrs. Reed testified that she did observe appellant drinking *some* of the beer, but she could not testify as to the exact number of beers he consumed while she was still on the property. Mrs. Reed stated that she left the property at approximately 10:30 p.m. and acknowledged that she could not say whether appellant consumed any alcoholic beverages after she left.

Appellant testified that his mother had given him permission to drink a six-pack of beer. He stated that although his mother was on the property, he was not actually in her presence while he consumed the beer. Appellant also testified that he drank approximately five beers, but claimed that he quit drinking when his mother left at 10:30 p.m.

The trial court found appellant guilty of underage consumption of an alcoholic beverage. The trial court stated as follows in its judgment entry:

"The court has before it what it believes to be a legal issue of how far the right to consume alcohol by permission of a parent extends. In examining Ohio Revised Code 4301.69, the court finds that the intent of this code section is that a

parent be present and in close enough proximity to have control over the underage consumer. In the case at bar, if the parent were in the house when drinking was taking place in nearby proximity to the actual residence, the court could find that the appropriate permission and control had been granted and was being maintained under Ohio Revised Code 4301.69. However, testimony was given that the parent granting permission and the only parent present left the property at some point in time to go to Buffalo, New York. The court further would have to accept the credibility of the defendant in this matter that he had stopped immediately at the time his mother left consuming any alcoholic beverage. The court cannot do so in this matter and based upon all testimony given finds the defendant guilty of the crime charged in this matter."

It is from this judgment that this appeal emanates.

## II. ASSIGNMENT OF ERROR

Appellant presents the following single assignment of error for this court's review:

"The trial court erred in finding the defendant guilty of the charge of Prohibitions, Underage Drinking, a violation of Revised Code 4301.632, for the reason that there was insufficient evidence adduced at the trial in order to sustain a finding of guilty, and such a finding is against the manifest weight of the evidence."

Appellant acknowledges that the state established a prima facie case against him pursuant to R.C. 4301.632,[1] which states:

"Except as otherwise provided in this chapter, no person under the age of twenty-one years shall order, pay for, share the cost of, or attempt to purchase any beer or intoxicating liquor, or consume any beer or intoxicating liquor, either from a sealed or unsealed container or by the glass or by the drink, or possess any beer or intoxicating liquor, in any public or private place."

Appellant bases his appeal on the evidence presented with respect to his assertion of the affirmative defense found in R.C. 4301.69(E), which reads:

"No underage person shall knowingly possess or consume any beer or intoxicating liquor, in any public or private place, *unless he is accompanied by a parent,* spouse who is not an underage person, or legal guardian, or unless the

---

1. R.C. 4301.632 is labeled as "Prohibitions; minors under 21 years." However, R.C. 4301.69(H)(3) defines "minor" as "a person under the age of eighteen years." "Underage person" is defined in R.C. 4301.69(H)(5) as "a person under the age of twenty-one years." Therefore, although it makes no difference regarding the charge against appellant, he was considered an underage person and not a minor at the time of his arrest.

beer or intoxicating liquor is given by a physician in the regular line of his practice or given for established religious purposes." (Emphasis added.)

Appellant argues that he presented sufficient evidence to prove his affirmative defense. Appellant relies upon the testimony of his mother, Karen Reed, who testified that she had given appellant the six-pack of beer and that she gave him permission to drink it. Moreover, appellant claims that Mrs. Reed's testimony established that appellant consumed at least three of the beers while in her actual presence and that his own testimony showed that he did not consume any more beer after his mother left the property.

Appellant further states that the state did not meet its burden to prove that he consumed any alcohol after his mother left. Appellant uses the testimony of the two deputy sheriffs to establish that neither deputy actually witnessed appellant drinking an alcoholic beverage of any sort. Ultimately, appellant claims that the conviction was not supported by the weight or sufficiency of the evidence because the state failed to present any evidence to rebut the evidence that he presented with respect to his affirmative defense.

## III.  STANDARD OF REVIEW

Appellant states in his brief that the issue involved in this case is the weight of the evidence but later states that appellant's conviction under R.C. 4301.632 was not supported by the weight *or* the sufficiency of the evidence.

■■ The Supreme Court of Ohio made a distinction between weight of the evidence and sufficiency of the evidence in *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. Whether the evidence is legally sufficient to sustain a conviction is a question of law and is a "test of adequacy." *Id.* at 386, 678 N.E.2d at 546. In other words, the trial court must find that the state met its burden to prove all of the elements of the crime allegedly committed by the defendant. To find that the evidence was legally insufficient to support a conviction requires reversal only upon a concurring majority of a panel of a court of appeals reviewing the judgment. *Id.* at 389, 678 N.E.2d at 548.

■ On the other hand, "weight of the evidence" involves " 'the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other.' " (Emphasis *sic.*) *Id.* at 387, 678 N.E.2d at 546, quoting Black's Law Dictionary (6 Ed.1990), at 1594. Accordingly, "[w]eight is not a question of mathematics, but depends on its *effect in inducing belief.*" (Emphasis *sic.*) *Id.* A reversal based on the weight of the evidence can only occur after the state both has presented sufficient evidence to support a conviction and has persuaded the factfinder to convict. *Id.* at 388, 678 N.E.2d at 547–

548, citing *Tibbs v. Florida* (1982), 457 U.S. 31, 41–43, 102 S.Ct. 2211, 2217–2219, 72 L.Ed.2d 652, 660–662.

## IV. DISCUSSION

Appellant makes the argument that the state had the burden to prove that appellant consumed alcohol after his mother left the premises. Appellant's statement with respect to the state's burden is incorrect. The state had the initial obligation to go forward with evidence to establish two facts in order to meet its burden pursuant to R.C. 4301.632. First, the state had to establish that appellant was either an underage person or a minor. It was undisputed that appellant was nineteen years old at the time of the arrest, and, therefore, an "underage person" as defined in R.C. 4301.69(H)(5). Second, the state had to establish that appellant consumed beer or an intoxicating liquor. By appellant's own admission, he drank five to six beers that evening. Accordingly, and as is acknowledged by appellant, the state established a prima facie case against him and met its burden through the testimony presented to the trial court.

The burden was then shifted upon appellant to prove his defense to the charge of underage consumption of alcohol. Appellant relied upon R.C. 4301.69(E) as a defense to the charge. Although not specifically delineated as such by the Revised Code, the defense found in R.C. 4301.69(E) operates as an affirmative defense. See *State v. Mihm* (1994), 92 Ohio App.3d 242, 634 N.E.2d 703. In Ohio, it is "well settled * * * that the defendant asserting an affirmative defense has the burden of proof in establishing such defense." *MatchMaker Internatl., Inc. v. Long* (1995), 100 Ohio App.3d 406, 408, 654 N.E.2d 161, 162, citing *Dykeman v. Johnson* (1910), 83 Ohio St. 126, 93 N.E. 626, and *Gordon v. Mobile Diagnostic Serv.* (Dec. 7, 1988), Summit App. No. 13571, unreported, at *7, 1988 WL 133582; see, also, R.C. 2901.05(A). Therefore, appellant had to prove to the trial court that he was accompanied by a parent at all times when he consumed the beer. Appellant contends that his defense was proven based on the fact that his mother testified that she had given him the beer and was in the house when he was outside consuming it. He further argues that his testimony revealed that he did not drink any beer after his mother left the property. However, the trial court did not believe appellant's claim that he stopped drinking immediately after his mother left the property.

In *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, the Supreme Court of Ohio held that an appellate court must give deference to any determination on the credibility of witnesses made by the trier of fact. Deference should be given to the trial judge who is also the trier of fact because the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the

credibility of the proffered testimony. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410–411, 461 N.E.2d 1273, 1276–1277. Naturally, an appellate court has no opportunity to view the behavior or demeanor of the witnesses on the stand, which is crucial in determining credibility. Where a defendant advances an alternative theory of innocence, such as an affirmative defense, which is not inherent in the state's case and solely dependent upon assertions of defense witnesses, the trier of fact may reject such defense on grounds of credibility. *State v. Barr* (Sept. 24, 1990), Preble App. No. CA90–02–004, unreported, 1990 WL 138353, citing *State v. Cousin* (1982), 5 Ohio App.3d 32, 39, 5 OBR 34, 42–43, 449 N.E.2d 32, 40–41.

In the case *sub judice*, appellant presented only his testimony to establish that he did not consume any alcohol after his mother left the premises. The credibility of appellant's testimony was for the trial court to determine, and it cannot be said that the trial court erred in its conclusion that appellant's testimony was not credible. If the trial court did not believe his testimony, there was no other evidence presented in support of appellant's defense for the court to find that appellant met his burden of proof with respect to his affirmative defense. Accordingly, because the state established a prima facie case against appellant and appellant failed to convince the trial court that he did not consume any alcohol after his mother left the premises, the conviction was based upon sufficient evidence and was not against the manifest weight of the evidence.

For the preceding reasons, appellant's sole assignment of error is overruled, and the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

WAITE and COX, JJ., concur.