OPINION
{¶ 1} Defendant-appellant, Marchelo Garrett, appeals his convictions in the Butler County Court of Common Pleas for murder, kidnapping, and aggravated burglary. We affirm the decision of the trial court.
 {¶ 2} On November 27, 2001, Greg Peck was playing cards in his apartment with a friend, Joshua Hibbard. At approximately 2:30 a.m., Mike Garrett, appellant, and Brad Bowling went to Peck's apartment. They knocked at the door and were invited inside. Once inside the apartment, Mike Garrett, appellant, and Bowling brandished firearms. Mike Garrett held a knife to Peck's head. Mike Garrett and appellant then began physically attacking Peck. Mike Garrett wanted appellant and Bowling to accompany him to Peck's apartment because Peck had "done him wrong" on a drug deal. During the attack, appellant, Mike Garrett and Bowling threatened to kill the occupants of Peck's apartment if the police came to the door.
 {¶ 3} At some point during the altercation, Hibbard knocked the gun out of appellant's hand. Hibbard then pulled a Glock .357 pistol out of his waistband where he had hidden it. Without a firearm, appellant ran from the apartment and Bowling followed. Bowling hid in the bushes outside the apartment. Appellant ran to their getaway car, driven by his sister, Latisha Garrett. Mike Garrett remained in the apartment on the second floor. Mike Garrett stood at the top of the stairs, holding a gun to Peck's head. Hibbard ordered Mike Garrett to end his attack on Peck and leave the apartment. Mike Garrett began to leave the premises. As he was walking down the stairs from the apartment's second floor, he turned toward Hibbard. Hibbard, believing Mike Garrett still had a firearm, fired a shot at Garrett. However, Mike Garrett had dropped his firearm. Mike Garrett continued out the door, running out of the apartment. Hibbard followed, firing the gun in a swinging arc as he left the apartment.
 {¶ 4} Once appellant, Mike Garrett, and Bowling were all in Latisha's car, they drove away. Mike Garrett stated that he had been shot. Mike Garrett was taken to the hospital where he subsequently died from a gunshot wound to his back.
 {¶ 5} Appellant was charged with kidnapping, aggravated burglary, and murder on December 27, 2001. It was alleged that appellant caused the death of his brother, Mike Garrett, as a result of committing, or attempting to commit an offense of violence. A jury trial was held and appellant was found guilty of all three counts against him. Appellant was sentenced to 15 years to life in prison. Appellant appeals his convictions raising four assignments of error.
Assignment of Error No. 1
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO ALLOW HIM TO INSPECT THE GRAND JURY TESTIMONY OF THE STATE'S WITNESSES."
 {¶ 7} Whether to release grand jury testimony is within the discretion of the trial court, and a denial of a motion to inspect such testimony will not be reversed absent an abuse of that discretion. Statev. Coley, 93 Ohio St.3d 253, 261, 2001-Ohio-1340. The term "abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 8} Crim.R. 6(E) provides that "[a] grand juror, prosecuting attorney, interpreter, stenographer, operator of a recording device, or typist who transcribes recorded testimony, may disclose matters occurring before the grand jury * * * only when so directed by the court[.]" Grand jury proceedings are secret, and "an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy." State v. Greer (1981), 66 Ohio St.2d 139, paragraph two of the syllabus. Generally, a particularized need for the disclosure of grand jury testimony "is shown where from a consideration of all the surrounding circumstances it is probable that the failure to disclose the testimony will deprive the defendant of a fair adjudication of the allegations placed in issue by the witness' trial testimony." Id., paragraph three of the syllabus.
 {¶ 9} In the case at bar, appellant moved to transcribe the grand jury testimony of the various witnesses. During Delmar Whitesell's testimony at trial, the prosecutor employed Whitesell's prior statements to the grand jury to refresh his recollections of the events. Defense counsel requested an inspection of the grand jury transcripts to determine if there were any discrepancies in Whitesell's testimony. The court reviewed the grand jury testimony and noted only minor discrepancies. After reviewing the transcripts, the court determined that the testimony was not so inconsistent or contradictory that inspection by appellant's counsel would be appropriate. The court found that the witness did not change his position or his account of the events during the trial.
 {¶ 10} Appellant has failed to show an abuse of discretion by the trial court in reaching this determination. When a defendant "speculates that the grand jury testimony might have contained material evidence or might have aided his cross-examination * * * by revealing contradictions, the trial court does not abuse its discretion by finding the defendant had not shown a particularized need." State v. Mack,73 Ohio St.3d 502, 508, 1995-Ohio-273, certiorari denied (1996),516 U.S. 1096, 116 S.Ct. 822, quoting State v. Webb, 70 Ohio St.3d 325,337, 1994-Ohio-425. Therefore, the first assignment of error is overruled.
Assignment of Error No. 2
 {¶ 11} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO PROVIDE CERTAIN JURY INSTRUCTIONS ON LESSER INCLUDED OFFENSES."
 {¶ 12} Appellant was charged with murder. R.C. 2903.02(B) defines murder as follows: "[n]o person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree * * *." Appellant was charged with two such felonies, kidnapping and aggravated burglary. Appellant argues that the trial court erred by not instructing the jury regarding the lesser-included offenses of unlawful restraint and criminal trespass.
 {¶ 13} We will first discuss aggravated burglary and criminal trespass. Pursuant to R.C. 2945.11, a jury instruction must state all matters of law necessary for the jury to render a verdict. Criminal trespass is a lesser-included offense of aggravated burglary. State v.Magnuson (1981), 2 Ohio App.3d 21, 23. However, a defendant is only entitled to a lesser-included offense instruction where the evidence warrants it. State v. Kidder (1987), 32 Ohio St.3d 279, 280, citing Beckv. Alabama (1980), 447 U.S. 625, 100 S.Ct. 2382.
 {¶ 14} In determining whether an instruction is warranted, the Ohio Supreme Court stated in State v. Nolton (1969), 19 Ohio St.2d 133,135:
 {¶ 15} "[I]f the trier could reasonably find against the state and for the accused upon one or more of the elements of the crime charged and for the state and against the accused on the remaining elements, which by themselves would sustain a conviction upon a lesser included offense, then a charge on the lesser included offense is both warranted and required, not only for the benefit of the state but for the benefit of the accused."
 {¶ 16} The mere fact that a given charge can be a lesser-included offense of another crime does not mean that a trial court must instruct the jury on both offenses where the greater offense is charged. State v.Wilkins (1980), 64 Ohio St.2d 382, 387. Wilkins elaborated on this issue and stated that it has been made clear in Nolton, 19 Ohio St.2d 133, "that juries were not to be presented with compromise offenses which could not possibly be sustained by the adduced facts. Such unreasonable compromises are detrimental to both the state and the defendant. These compromises can allow juries to lessen punishment at their unlimited discretion, even when they find the defendant guilty of the greater offense beyond a reasonable doubt. Further, they can allow juries to convict a defendant of a crime of which he is not guilty beyond a reasonable doubt with a clearer conscience than if only the greater offense were charged." Wilkins, 64 Ohio St.2d, at 387.
 {¶ 17} A jury instruction on the lesser offense is not automatically required. Even if an offense is a lesser-included offense, a charge on the lesser-included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser-included offense.State v. Thomas (1988), 40 Ohio St.3d 213, paragraph two of the syllabus.
 {¶ 18} R.C. 2911.11 defines aggravated burglary as:
 {¶ 19} "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure * * * with purpose to commit therein any theft offense, * * * or any felony, when any of the following apply:
 {¶ 20} "(1) The offender inflicts, or attempts or threatens to inflict physical harm on another;
 {¶ 21} "(2) The offender has a deadly weapon or dangerous ordnance, * * *, on or about his person or his control;
 {¶ 22} "(3) The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present."
 {¶ 23} R.C. 2911.21 defines criminal trespass, in pertinent part, as:
 {¶ 24} "(A) No person, without privilege to do so, shall do any of the following:
 {¶ 25} "(1) Knowingly enter or remain on the land or premises of another;
 {¶ 26} "* * *
 {¶ 27} "(4) Being on the land or premises of another, negligently fail or refuse to leave upon being notified to do so by the owner or occupant, or the agent or servant of either."
 {¶ 28} In the instant case, both Delmar Whitesell and Joshua Hibbard testified at trial to the forceful, threatening manner which appellant held them. Given that it involved the use of firearms, the injury to Peck, and appellant's threatening language, the jury could not reasonably have ignored the evidence and convicted appellant only of criminal trespass. For these reasons, we cannot say that the evidence presented at trial would reasonably support both an acquittal on the charge of aggravated burglary and a conviction upon the lesser-included offense of criminal trespass. Accordingly, appellant was not entitled to a charge on a lesser-included offense.
 {¶ 29} We next discuss kidnapping and unlawful restraint. Kidnapping is defined by R.C. 2905.01(B)(2), which states:
 {¶ 30} "(B) [n]o person by force, threat, or deception * * * shall knowingly do any of the following, under circumstances that create a substantial risk of serious physical harm to the victim * * *.
 {¶ 31} "(2) Restrain another of his liberty."
 {¶ 32} Unlawful restraint, as defined in R.C. 2905.03 states:
 {¶ 33} "[n]o person, without privilege to do so, shall knowingly restrain another of his liberty."
 {¶ 34} Unlawful restraint is a lesser-included offense of kidnapping. State v. Ricchetti (1991), 74 Ohio App.3d 728, 731. However, a charge on such lesser-included offenses is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser-included offense.Thomas, 40 Ohio St.3d 213.
 {¶ 35} Here, the evidence shows that appellant participated in forcibly restraining the occupants of the apartment by threatening to kill them at gunpoint. Also, Greg Peck sustained physical harm from the beating appellant inflicted upon him. The record does not, therefore, support an acquittal of kidnapping. Accordingly, appellant was not entitled to a charge on a lesser-included offense. Therefore, appellant's second assignment of error is overruled.
Assignment of Error No. 3
 {¶ 36} "THE EVIDENCE WAS INSUFFICENT TO JUSTIFY A CONVICTION OF MURDER."
 {¶ 37} Sufficiency is a term of art meaning that "legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins, 78 Ohio St.3d 380, 386,1997-Ohio-52. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenkins (1991), 61 Ohio St.3d 259. In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Statev.Robinson (1955), 162 Ohio St. 486.
 {¶ 38} Determining the sufficiency of the evidence at trial requires that the court of appeals review all probative evidence and the reasonable inferences drawn from them in a light most favorable to the prosecution. In that light, the court must ascertain whether any rational trier of fact could have found all the elements of the crime charged proven beyond a reasonable doubt. State v. Reed (1988), 128 Ohio App.3d 520,522.
 {¶ 39} Appellant was charged with the offense of murder as defined by R.C. 2903.02(B), which states: "[n]o person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree * * *." Appellant was charged with two such felonies, kidnapping and aggravated burglary.
 {¶ 40} Based upon the evidence presented by the state, we find appellant's conviction is supported by the sufficiency of the evidence. The evidence established that appellant and his brother, Mike Garrett, entered Peck's apartment, held the occupants captive at gunpoint, and inflicted physical injuries on Peck. During the course of the event, Hibbard discharged a firearm at Mike Garrett in an attempt to free Peck from further injury at the hand of Mike Garrett. Mike Garrett died as a result of his gunshot wound.
 {¶ 41} The evidence at trial was sufficient to support appellant's conviction for murder. Therefore, the third assignment of error is overruled.
Assignment of Error No. 4
 {¶ 42} "APPELLANT'S CONVICTION FOR MURDER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 43} When reviewing a manifest weight of the evidence claim, an appellate court must examine the evidence presented, including all reasonable inferences that can be drawn from it, and consider the credibility of the witnesses, to determine whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the decision must be reversed and a new trial ordered. Thompkins, 78 Ohio St.3d at 386. It must be remembered, however, that the weight to be given the evidence presented and the credibility of the witnesses are primarily matters for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The trier of fact's decision is owed deference since the trier of fact is "best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." State v. Swartsell, Butler App. No. CA2002-06-151, 2003-Ohio-4450, at ¶ 34, citing Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77, 80. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. State v. Shahan, Stark App. No. 2002 CA 00163, 2003-Ohio-852, at ¶ 24, citing C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279.
 {¶ 44} After reviewing the entire record, weighing the evidence and all inferences, considering the credibility of the witnesses, we find that trier of fact did not clearly lose its way and create such a manifest miscarriage of justice that the decision must be reversed. Therefore, the fourth assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.