OPINION
{¶ 1} Defendant-appellant, Joshua Hibbard, appeals his conviction in the Butler County Court of Common Pleas for felonious assault with a firearm specification. We affirm in part, reverse in part, and remand the decision of the trial court.
 {¶ 2} On November 27, 2001, Greg Peck was playing cards in his apartment with appellant. At approximately 2:30 a.m., Mike Garrett, Marchelo Garrett, and Brad Bowling arrived at Peck's apartment. They knocked at the door and were invited inside. Once inside the apartment, Mike, Marchelo, and Bowling brandished firearms. Mike wanted Marchelo and Bowling to accompany him to Peck's apartment because Peck had "done him wrong" in a drug deal. Mike and Marchelo began physically attacking Peck as Mike held a knife to Peck's head. Marchelo, Mike, and Bowling threatened to kill the occupants of Peck's apartment if the police came to the door.
 {¶ 3} At some point during the altercation, appellant knocked the gun out of Marchelo's hand. Appellant then pulled a Glock .357 pistol out of his waistband where he had hidden it. Without a firearm, Marchelo ran from the apartment, and Bowling followed. Bowling hid in the bushes outside the apartment. Marchelo ran to their getaway car, driven by his sister, Latisha Garrett. Mike remained in the apartment on the second floor. Mike stood at the top of the stairs, holding a gun to Peck's head. Appellant ordered Mike to end his attack on Peck and leave the apartment. Mike began to leave the premises, and, as he was walking down the stairs from the apartment's second floor, he turned toward appellant. Appellant, believing Mike still had a firearm, fired a shot at Mike. However, Mike had dropped his firearm. Mike continued out the door, running out of the apartment. Appellant followed, firing his gun in a swinging arc as he left the apartment.
 {¶ 4} Once Marchelo, Mike, and Bowling were all in Latisha's car, they drove away. Mike stated that he had been shot and was taken to the hospital where he subsequently died from a gunshot wound to his back.
 {¶ 5} Appellant was charged on December 27, 2001, with murder and felonious assault, including firearm specifications on both charges. A jury trial was held and appellant was found not guilty of murder with the firearm specification, but guilty of felonious assault with a firearm specification. Appellant was sentenced to serve a six-year term for the felonious assault and a mandatory three-year consecutive term for the firearm specification. Appellant appeals his conviction raising five assignments of error.
 Assignment of Error No. 1: {¶ 6} "THE COURT COMMITTED REVERSIBLE ERROR BY GIVING CON FLICTING ORAL AND WRITTEN INSTRUCTIONS WHICH CONFUSED THE JURY."
 {¶ 7} Appellant argues that the trial court mislead the jury regarding the application of the affirmative defense of self-defense to the felonious assault charge. Appellant maintains that the trial court created reversible error by giving conflicting written and oral instructions.
 {¶ 8} Because variations between oral and written instruc tions may result in prejudicial error, R.C. 2945.10(G) provides, in relevant part: "Written charges and instructions shall be taken by the jury in their retirement and returned with their verdict into court and remain on file with the papers of the case." Compliance with this statutory requirement allows the reviewing court to determine whether reversible error occurred, although the failure to keep the written charge on file with the papers of the case may be harmless error. See Crim.R. 52(A). A trial court is not required to reduce its instructions to writing, but even if it does, it is not prohibited from answering a jury's questions of law during deliberation. R.C. 2945.10(G). Furthermore, Crim.R. 52(A) instructs us to disregard any error, defect, irregularity or variance which does not affect substantial rights.
 {¶ 9} The written jury instructions gave the jury a general self-defense instruction that did not confine the defense's application to either murder or felonious assault. The instruction merely states that appellant was asserting the defense of self-defense, and the instruction explains the elements of that affirmative defense.
 {¶ 10} After deliberations began, the jury had a question regarding self-defense. The court then orally informed the jury that "the affirmative defense of defense of self and defense of other applies to the murder charge and to the felonious assault charge."
 {¶ 11} A trial court is not prohibited from clarifying its instructions or answering a jury's questions of law during deliberation, even if it reduces its instructions to writing. See Crim.R. 30(A). Our colleagues in Cuyahoga County agree: "We find no requirement in Crim.R. 30 * * * that the trial court must refrain from further oral explanations when it chooses to use written jury instructions. No such obligations persist under the Criminal Rules." State v. Mitchell (Feb. 3, 1983), Cuyahoga App. No. 45014, at *7. See, also, State v. Kersey (1997),124 Ohio App.3d 513, 520.
 {¶ 12} Appellant's substantial rights were not affected because the jury was fully and completely instructed regarding the affirmative defense of self-defense as to the murder and the felonious assault charges. Therefore, the first assignment of error is overruled.
 Assignment of Error No. 2: {¶ 13} "THE EVIDENCE WAS INSUFFICIENT TO CONVICT THE APPELLANT."
 {¶ 14} Sufficiency is a term of art meaning that "legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins, 78 Ohio St.3d 380, 386,1997-Ohio-52. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenkins (1991), 61 Ohio St.3d 259. In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Statev.Robinson (1955), 162 Ohio St. 486.
 {¶ 15} Determining the sufficiency of the evidence at trial requires that the court of appeals review all probative evidence and the reasonable inferences drawn from them in a light most favorable to the prosecution. In that light, the court must ascertain whether any rational trier of fact could have found all the elements of the crime charged proven beyond a reasonable doubt. State v. Reed (1988), 128 Ohio App.3d 520,522.
 {¶ 16} Appellant was convicted of felonious assault under R.C.2903.11, which prohibits the following:
 {¶ 17} "(A) No person shall knowingly:
 {¶ 18} "(1) Cause serious physical harm to another.
 {¶ 19} "(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code."
 {¶ 20} Based upon the evidence presented by the state, we find appellant's conviction is supported by the sufficiency of the evidence. The evidence established that appellant discharged a firearm in a swinging motion in Mike's direction as he was running from the apartment. Mike sustained a gunshot wound to his back and died as a result of the injury. The evidence at trial was sufficient to support appellant's conviction for felonious assault. Therefore, the second assignment of error is overruled.
 Assignment of Error No. 3: {¶ 21} "THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 22} When reviewing a manifest weight of the evidence claim, an appellate court must examine the evidence presented, including all reasonable inferences that can be drawn from it, and consider the credibility of the witnesses, to determine whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the decision must be reversed and a new trial ordered. Thompkins, 78 Ohio St.3d at 386.
 {¶ 23} It must be remembered, however, that the weight to be given the evidence presented and the credibility of the witnesses are primarily matters for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The trier of fact's decision is owed deference since the trier of fact is "best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."State v. Swartsell, Butler App. No. CA2002-06-151, 2003-Ohio-4450, at ¶ 34, citing, Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. State v. Shahan, Stark App. No. 2002 CA 00163, 2003-Ohio-852, at ¶ 24, citing, C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279.
 {¶ 24} After reviewing the entire record, weighing the evidence and all inferences, and considering the credibility of the witnesses, we find that trier of fact did not clearly lose its way and create such a manifest miscarriage of justice that the decision must be reversed. Therefore, the third assignment of error is overruled.
 Assignment of Error No. 4: {¶ 25} "THE VERDICT OF GUILTY ON FELONIOUS ASSAULT WAS INCONSISTENT WITH THE VERDICT OF NOT GUILTY OF MURDER."
 {¶ 26} Appellant's argument is flawed for two reasons. First, the jury's verdict was not necessarily inconsistent. There is sufficient evidence to establish that appellant fired his weapon at the victim. From this evidence, the jury could have reasonably inferred that appellant specifically intended to kill the victim or that he only was aware that his conduct would probably cause physical harm to the victim.
 {¶ 27} Second, even if we were to assume that the verdicts were inconsistent, the Ohio Supreme Court has held that an inconsistency in a verdict cannot arise out of inconsistent responses to different counts.State v. Brown (1984), 12 Ohio St.3d 147, syllabus; Griffin v. State
(1868), 18 Ohio St. 438, 444-445. The court has held that an inconsistency can only arise when the jury gives inconsistent responses to the same count. Brown, 12 Ohio St.3d at syllabus. The court explained that each count in an indictment charges a distinct offense and is independent of all other counts. Following that reasoning, the court found that a jury's decision as to one count is independent of and unaffected by the jury's finding on another count.
 {¶ 28} Furthermore, the United States Supreme Court addressed the precise issue of a defendant being acquitted on a predicate offense while being convicted of a compound offense in United States v. Powell (1984),469 U.S. 57, 105 S.Ct. 471. The court rejected the contention that such a verdict necessitates the defendant's acquittal on the compound offense or that the defendant should be granted a new trial. The court explained that inconsistencies between verdicts on separate counts do not necessarily mean that the jury made a mistake. In fact, the court found that such inconsistencies could just as reasonably be the product of jury lenity. The court further elucidated that any finding that the inconsistency was the result of some error that worked against the defendant "would be based either on pure speculation, or would require inquiries into the jury's delib erations that courts generally will not undertake." Id., 469 U.S. at 66.
 {¶ 29} Accordingly, the verdict of guilty of felonious assault was not inconsistent with the verdict of not guilty of murder. Therefore, appellant's fourth assignment of error is overruled.
 Assignment of Error No. 5: {¶ 30} "THE COURT ERRED IN SENTENCING THE APPELLANT."
 {¶ 31} Appellant argues as a first-time felony offender, the court should have imposed the minimum sentence upon him. Appellant claims that the trial court considered dismissed, withdrawn, and merged offenses in the imposition of his sentence. Appellant also maintains the sentence is erroneous because the trial court failed to make proper sentencing findings to impose more than the minimum sentence. Therefore, appellant argues that the six-year "sentence is not commiserate [sic] with the criminal offense committed."
 {¶ 32} R.C. 2929.14(B) provides as follows:
 {¶ 33} "Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925 of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 34} "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned * * * before it can lawfully impose more than the minimum authorized sentence." State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110, syllabus. However, the Ohio Supreme Court has recently held that "when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings at the sentencing hearing." State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, paragraph two of the syllabus.
 {¶ 35} Rather than imposing the shortest prison terms authorized by R.C. 2929.14(A), the trial court in the present case sentenced appellant to serve a term of six years in prison and a mandatory consecutive three-year term as to the gun specification. In its sentencing entry, the trial court stated, pursuant to R.C. 2929.14(B), that "the shortest prison term will demean the seriousness of the defendant's conduct," and that "the shortest prison term will not adequately protect the public from future crime by the defendant or others." However, the trial court did not make the required findings during the sentencing hearing. Consequently, the trial court erred in imposing more than the minimum terms authorized by R.C. 2929.14(A).Comer.
 {¶ 36} Because the trial court did not in this case make the requisite findings at the hearing, we must find pursuant to Comer that appellant's fifth assignment of error has merit and is sustained. The matter will be remanded to the trial court for resentencing on the felonious assault charge.
 {¶ 37} Judgment affirmed in part, reversed in part, and remanded to the trial court for further proceedings according to law and consistent with this opinion.
WALSH and POWELL, JJ., concur.